Harry S. Stern, SBN 176854
Timothy K. Talbot, SBN 173456
Nicole R. Castronovo, SBN 314585
Jacob A. Kalinski, SBN 233709
Peter A. Hoffman, SBN 254354
**RAINS LUCIA STERN ST. PHALLE & SILVER, PC**
1428 2nd Street, Suite 200
Santa Monica, CA 90401
Tel. 310-393-1486
Fax. 310-395-5801
HStern@RLSlawyers.com

William B. Aitchison (*pro hac vice motion forthcoming*)
Public Safety Labor Group
3021 NE Broadway Street
Portland, OR, 97232
Tel. (866) 486-5556
Fax. (866) 401-2201
Will@PSLGlawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **THOMAS FERGUSON** and **MIGUEL ORTEGA**, on behalf of themselves and other similarly situated individuals,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**COUNTY OF LOS ANGELES,**<br><br>**Defendant.** | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216** |

## PRELIMINARY STATEMENT

1.     Plaintiffs are or were employed by Defendant County of Los Angeles ("Defendant" or "the County") and bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

section 201 *et seq.* to recover unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, reasonable attorney fees, and other relief.

2.     This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" of pay used to calculate Plaintiffs' overtime compensation.

## JURISDICTION AND VENUE

3.     Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331 and 29 U.S.C. section 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. sections 207 *et seq.* Venue lies within this district pursuant to 28 U.S.C. section 1391.

## PARTIES

4.     Plaintiffs are current and former employees of Defendant.  Plaintiffs are or were "employees" within the meaning of 29 U.S.C. section 203(e) and entitled to the rights, protections, and benefits of the FLSA.

5.     Defendant County of Los Angeles is a political subdivision of the State of California. Defendant is an "employer" within the meaning of 29 U.S.C. section 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x). Defendant employs or employed the Plaintiffs.

## COLLECTIVE ACTION

6.     Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt employees of Defendant at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

7.     Pursuant to 29 U.S.C. sections 216(b) and 256, the named Plaintiffs have executed and hereby file with the Court their consents in writing to become party Plaintiffs in this action.  (**Exhibit A**)  When other similarly situated individuals join this action, their consents will be filed with the Court.  The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

//

//

**COMPLAINT FOR VIOLATIONS OF THE FAIL LABOR STANDARDS ACT**

## FACTUAL ALLEGATIONS

8.      Plaintiffs and all similarly situated individuals are or were non-exempt employees of Defendant during the three years preceding the filing of this action.

9.      At all times relevant herein, Defendant required or suffered or permitted Plaintiffs to work overtime hours under 29 U.S.C. section 207.

10.     At all times relevant herein, Defendant failed to include all remuneration for employment from the calculation of the "regular rate" of pay upon which the overtime compensation for Plaintiffs and all similarly situated individuals must be based under 29 U.S.C. section 207(a).

11.     Employers are permitted to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person pursuant to a "bona fide plan" for providing health insurance benefits.  29 U.S.C. § 207(e)(4).

12.     The Department of Labor's interpretation of the term "bona fide plan" as set forth in 29 C.F.R. section 778.215(a)(5), states in relevant part:

> "The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, that if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in case of all or part of the amount standing to his credit."

13.     As part of the compensation paid to Plaintiffs and all similarly situated individuals, Defendant provided monetary compensation in lieu of contributions towards the cost of health insurance benefit coverage ("in lieu payments"). Some of the in-lieu payments were made to Plaintiffs who opted out of health care coverage; other of the in-lieu payments were made to Plaintiffs who chose less expensive plans than the most costly plans offered through Defendant's health insurance system.

14.     Defendant did not include the in lieu payments made to Plaintiffs and all similarly situated individuals when calculating their "regular rate" in violation of the FLSA.  As a result, Defendant impermissibly lowered the "regular rate" of pay and improperly reduced the amount of

**COMPLAINT FOR VIOLATIONS OF THE FAIL LABOR STANDARDS ACT**

overtime compensation required to be paid to Plaintiffs and all similarly situated individuals under the FLSA.

15.     At all times relevant herein, Defendant did not place any conditions on the use by Plaintiffs of in lieu payments.

16.     At all times relevant herein, Defendant treated the in lieu payments paid to Plaintiffs and all similarly situated individuals as wages for purposes of applicable tax withholdings.

17.     Defendant was required to include the value of the in lieu payments in calculating the "regular rate" of pay used to determine overtime compensation for Plaintiffs and all similarly situated individuals as required by the FLSA.

18.     The monetary contributions made by Defendant for medical insurance and other health and welfare benefits were not made pursuant to a "bona fide plan" within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.  Consequently, those payments were compensation for work that must be included in the "regular rate" of pay when determining overtime compensated as required by the FLSA.

19.     By excluding the value of in lieu payments and Defendant's monetary contributions for medical insurance and other health and welfare benefits in the calculation of the "regular rate" of pay when determining the amount of overtime compensation to be paid to Plaintiffs and all similarly situated individuals, Defendant failed to pay Plaintiffs and all similarly situated individuals the correct amount of overtime compensation for all hours of overtime worked as required by the FLSA.

20.     Defendant was aware of its obligation to include the in-lieu payments in the calculation of the "regular rate" of pay when making overtime payments.

21.     Defendant's failure to include the in-lieu payments in the calculation of the "regular rate" of pay when making overtime payments was neither reasonable nor in good faith.

22.     Defendant's failure to include the in-lieu payments in the calculation of the "regular rate" of pay when making overtime payments is a willful violation of the FLSA.

## FIRST COUNT

**Violation of 29 U.S.C. Section 207-Failure to Properly
Calculate Regular Rate and to Pay All Earned Overtime Compensation**

**COMPLAINT FOR VIOLATIONS OF THE FAIL LABOR STANDARDS ACT**

23.    Plaintiffs incorporate by reference paragraphs 1 through 22, inclusive, as though set forth herein.

24.    Defendant required, suffered or permitted Plaintiffs and all similarly situated individuals to work overtime, but failed to include all forms of compensation as required by the FLSA in the "regular rate" of pay used to calculate the amount of overtime compensation owed to Plaintiffs and similarly situated individuals.

25.    By failing to include all forms of compensation as required by the FLSA in the "regular rate" of pay used to calculate the overtime rate, Defendant did not pay Plaintiffs and all similarly situated individuals at the rate of one and one-half times the "regular rate" of pay for all overtime hours worked as required by the FLSA.

26.    At all times relevant herein, Defendant was aware of the requirement to pay Plaintiffs and all similarly situated individuals for all overtime hours worked at the rate of one and one-half times the "regular rate" of pay as required by the FLSA.

27.    Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

28.    Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiffs and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

29.    The employment and work records for Plaintiffs and similarly situated individuals are in the exclusive possession, custody and control of the County, and Plaintiffs are unable to state at this time the exact amounts owing to them. The County is under a duty imposed by the FLSA, 29 U.S.C. section 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all similarly situated individuals pray for judgment as follows:

**COMPLAINT FOR VIOLATIONS OF THE FAIL LABOR STANDARDS ACT**

1       1.      Recovery of monetary damages in the form of unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation, plus prejudgment and post-judgment interest;

2.      A determination that Defendant willfully violated the FLSA thereby entitling Plaintiffs and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;

3.      A complete and accurate accounting of all compensation to which Plaintiffs and all similarly situated individuals are entitled;

4.      For reasonable attorneys' fees pursuant to 29 U.S.C. section 216(b);

5.      For costs of suit incurred herein, and

6.      For such other and further relief as the Court deems just and proper.

Dated: August 9, 2018           Respectfully submitted,

**RAINS LUCIA STERN**
**ST. PHALLE & SILVER, PC**


_____/s/_____

By:  Nicole Castronovo
Attorneys for Plaintiffs

**COMPLAINT FOR VIOLATIONS OF THE FAIL LABOR STANDARDS ACT**